CHARLES GROSS, PLAINTIFF-APPELLANT, v. FRANK PANICO, DEFENDANT-RESPONDENT.

Submitted May 31, 1935—Decided October 9, 1935.

For the plaintiff-appellant, *Elmer Friedbauer*.

For the defendant-respondent, *Collins & Corbin* and *Edward A. Markley*.

The opinion of the court was delivered by

DONGES, J. This is plaintiff's appeal from a judgment of the Supreme Court against him in favor of the defendant entered upon the verdict of a jury after a trial at the Passaic Circuit.

The action arises out of an automobile collision. Plaintiff was a passenger in a bus of the North Jersey Bus Company on July 14th, 1932, at nine o'clock in the evening, when that bus collided with the Pontiac car of the respondent, Frank Panico, on route 35, the North Jersey Shore road. His arm was on the window sill and was struck by the top of Panico's car and badly injured. The jury returned a verdict in favor of plaintiff, Charles Gross, against the defendant bus company and in favor of Panico against the plaintiff. The judgment based on the latter verdict is the only one involved on this appeal.

Two theories of the manner of the happening of the accident were presented at the trial. The road is a concrete road, thirty or more feet in width, and marked in three lanes, the center lane being designated for passing and the side lanes for straight driving. Plaintiff and his witnesses testified that the bus was proceeding partly in the center lane but with about three feet of its right side in the extreme right lane. It was going northwardly. They testified that as the bus was so proceeding, the car of Panico, going southwardly, pulled out from its right-hand lane into the center lane and struck the bus.

The story of respondent and his witnesses was that the bus, in passing a car going in the same direction as itself, drew over so far to the left that its left side was three feet over into the extreme left-hand lane and there the collision took place. Defendant's own testimony was to the effect that the bus came over so quickly he had no time to avoid the impact.

The first ground of appeal argued is that it was error for the court to charge defendant's fourth request, as follows:

"If you find that Panico's car was in the extreme right lane as it proceeded south, and that the bus struck Panico's car while it was in that lane, then the plaintiff cannot recover as against the defendant, Panico, and your verdict should be for Panico, one of no cause of action."

The complaint is that this charge restricted plaintiff to establishing that Panico did come over to the left side of the road,

and prevented a recovery even if he were guilty of negligence although on his own side of the road. In other words, appellant says this charge eliminated all charges of negligence save the one. It is claimed that the elements of excessive speed and failure to sound the horn were charged in the complaint and were still in the case, but there appears to be no evidence of a causal connection between these things and the accident.

John J. Falles, whose car the bus was attempting to pass at the time of the collision, testified that when the bus was passing him it was over so far that its left side was in the third lane, and that, with the bus in that position, there was still room for cars coming in the opposite direction to pass the bus and that in fact cars did so pass in safety. He further testified that the bus occupied the position stated for some distance and that the first car in the line going south was about two hundred feet distant when the bus was passing his car. Panico testified that his car was the first car in the line at that time.

It was, therefore, open to the jury to find, if it chose, that the bus was over on Panico's side of the road for a considerable period of time, that there was, notwithstanding its position, room for a car going south to pass in safety, that other cars preceding Panico's car did pass the bus in safety, that the situation was or should have been evident to Panico when he was at least two hundred feet distant from the bus, and that the collision was caused by Panico's insistence on proceeding in his lane regardless of consequences.

It has been repeatedly held in this court and in the Supreme Court that one may not proceed in the exercise of an alleged right of way when reasonable care and foresight require him to stop or change his course.

As was said in *Paulsen* v. *Klinge,* 92 *N. J. L.* 99:

"If we assume that the defendant had the right of way, the conditions must be such as to justify him in the absolute exercise of the right. In any event his right upon the highway is not exclusive, but at all times relative and still subject to the fundamental common law doctrine, *sic utere tuo ut*

*alienum non lædas.* Nor was his right of way exclusive because he was on the right side of the road, as required by the traffic statute."

And in *Jacobus* v. *McEwan, 2 N. J. Mis. R.* 196, the Supreme Court said:

"The proofs showed that, under the Motor Vehicle law, the McEwan car had the right of way; but, notwithstanding this, it was the business of the chauffeur to be alert to existing conditions, and not to insist on the exercise of that right if by doing so a collision was reasonably likely to occur."

This court, in *Connolly* v. *Public Service Railway Co.,* 94 *N. J. L.* 157, laid down the rule that if one cannot, in the exercise of reasonable prudence, exercise his right, he is guilty of negligence if he fails to wait or turn aside if he can do so by the use of due care, and thus avoid collision with or injury to others.

In the factual situation presented, it was for the jury to say whether or not the defendant was guilty of negligence in proceeding without changing his course because he was on his right side of the road, or whether he should have continued at all.

The court's charge took this question from the jury, and, in so doing, fell into error.

The judgment under review is reversed and a *venire de novo* will issue.

*For affirmance*—CASE, BODINE, PERSKIE, VAN BUSKIRK, WELLS, JJ. 5.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, DONGES, HEHER, HETFIELD, DEAR, WOLFSKEIL, RAFFERTY, JJ. 11.